UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDWIN VASQUEZ,

                      Plaintiff,                   **FIRST AMENDED COMPLAINT**

                -against-                          13 CV 7852 (RA)

CITY OF NEW YORK,                               **JURY TRIAL**
POLICE OFFICER PEDRO VAZQUEZ      **DEMANDED**
(TAX 907508),
POLICE OFFICER CHRISTOPHER MCGUIRE
(TAX 943548), and
POLICE OFFICER KENRIC BRIGHTMAN
(TAX 929777),

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff, Edwin Vasquez, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned plaintiff, Edwin Vasquez, was an adult male and a resident of Bronx County in the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

       3.     At all times hereinafter mentioned, defendant, POLICE OFFICER

PEDRO VAZQUEZ (TAX 907508), was a member of the NYPD, assigned to the 28th Precinct of the NYPD, and was employed, retained, trained and supervised by New York City. Officer Vazquez is sued herein in his official and individual capacities.

4. At all times hereinafter mentioned, defendant, POLICE OFFICER CHRISTOPHER MCGUIRE (TAX 943548), was a member of the NYPD assigned to Patrol Boro Manhattan North Task Force of the NYPD, and was employed, retained, trained, and supervised by New York City. Officer McGuire is sued herein his official and individual capacities.

5. At all times hereinafter mentioned, defendant POLICE OFFICER KENRIC BRIGHTMAN (TAX 929777), was a member of the NYPD assigned to the 28th Precinct of the NYPD, and was employed, retained, trained, and supervised by New York City. Officer Brightman is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where plaintiff and defendant City of New York reside, and where the events complained of herein occurred.

## RELEVANT FACTS

8. On December 9, 2012 (the "Date of the Arrest"), at about 11:00 p.m., plaintiff was lawfully present inside of the 28th NYPD Precinct, New York County, New York (the "Scene of the Arrest").

      9.      The individual defendants were present and on duty at the Scene of the Arrest.

      10.      While inside of the precinct, defendant Vazquez told plaintiff to go outside, to which plaintiff complied.

      11.      Defendant Vazquez then followed plaintiff out of the precinct and told him to move down the block.

      12.      Without any legal justification or excuse, defendant Vazquez maced plaintiff and threw him to the ground.

      13.      Defendant Vazquez handcuffed plaintiff and proceeded to kick plaintiff while he was handcuffed and on the ground, striking him on various part of his body, including his testicles, abdomen, and lower back.

      14.      Defendant Vazquez then took plaintiff inside of the 28th Precinct, where he and defendants McGuire and Brightman continued to assault and beat plaintiff while he was restrained.

      15.      While in custody, plaintiff was transported to St. Luke's Hospital, where he was treated for the injuries he sustained at the hands of the individual defendants, including, but not limited to, flank pain, joint pain, abrasions on both wrists, and hematuria.

      16.      Plaintiff was then taken back to the 28th Precinct where defendant Vazquez completed arrest paperwork and other documents concerning the arrest and use of force against the plaintiff.

      17.      Plaintiff was then taken to New York County Central Booking where

he was held for several more hours before he was arraigned on a criminal complaint sworn to by defendant Vazquez.

18. Pursuant to this criminal complaint, which contained false allegations, plaintiff was held for several more weeks, and was prosecuted over the course of several months, before he accepted a guilty plea for Obstruction of Governmental Administration and was sentenced to time served.

19. Police Officer Vazquez completed arrest paperwork in which he alleged that plaintiff, in addition to obstructing governmental administration, had resisted arrest and trespassed at the scene of the arrest.

20. While plaintiff pleaded guilty to Obstruction of Governmental Administration and accepted the District Attorney's offer for a sentence of time served, all of the allegations concerning plaintiff's conduct for the other crimes he was charged with were false and the defendant Vazquez knew these allegations were false when they were made.

21. Plaintiff was prosecuted and detained pursuant to the false allegations provided and sworn to by defendant Vazquez.

22. Upon information and belief, however, the New York County District Attorney agreed to dismiss all of these charges, including the claims of Trespass and Resisting Arrest, in exchange for plaintiff agreeing to plead guilty to Obstruction of Governmental Administration.

23. Upon information and belief, on September 17, 2013, plaintiff pleaded guilty to Obstruction of Governmental Administration, and accepted a sentence of time

served, which, upon information and belief, was 14 days.

24. In exchange, the New York County District Attorney dismissed all of the other charges against plaintiff, including all allegations that plaintiff had resisted arrest and trespassed at the 28th Precinct.

25. After being released from custody, plaintiff sought follow up treatment for the injuries he sustained at the hands of the individual defendants, and he was diagnosed with several injuries as a result of the beating he sustained by the defendants, including, but not limited to, Nutcracker Syndrome.

26. At no time did any of the defendants have sufficient legal cause to utilize any level of force against plaintiff, much less the amount of force actually employed, nor was there a reasonable basis for him to believe that such cause existed.

27. At all times relevant herein, the defendants were acting within the scope of their employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

28. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

29. The individual defendants willfully and intentionally subjected plaintiff to excessive force by employing more force than reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was appropriate, reasonable, lawful or necessary.

30.     By so doing, the individual defendants subjected the plaintiff to an excessive use of force and thereby violated of plaintiff's rights under the Fourth Amendment of the United States Constitution.

31.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

32.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

33.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

34.     The municipal defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

35. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, including these defendants, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

36. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

37. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

  a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

  b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

  c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

  d. Retaliating against officers who report police misconduct; and

  e. Failing to intervene to prevent the above-mentioned practices

when such intervention is reasonably available.

38. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the many civil actions filed in the Eastern and Southern Districts of New York, as well as in New York State Supreme Court throughout the five boroughs of the City of New York.

39. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

40. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

41. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

42. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii. On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v. Such other relief as the Court deems just and proper.

Dated:  Brooklyn, New York
        April 7, 2014

REIBMAN & WEINER

By:  /s/
Jessica Massimi (JM-2920)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

9